# Wheat *v.* Union Springs Guano Co.

### Assumpsit.

(Decided January 20, 1915.  70 South. 631.)

1. **Appeal and Error; Harmless Error; Pleading.**—Where the action was on the common. count, any error in sustaining demurrers to special pleas was harmless where all the evidence which could have been offered or received under such special pleas was admitted, and where the court charged that plaintiff could not recover if the facts set up in such pleas existed.

2. **Sale; Purchase Price; Action for; Instructions.**—Where the action was for fertilizer sold, and the defense was that they were sold to the tenant and not the defendant, a charge that if the sale was to the tenant, and plaintiff looked to the tenant for payment, plaintiff could not recover, and that if plaintiff's agent entered into a writing with the tenant concerning it, and that before it was shipped defendant agreed to pay therefor, plaintiff could recover, and that if defendant agreed to pay, and plaintiff acting thereon shipped the goods, then plaintiff might recover, was not error of which defendant could complain.

3. **Same; Evidence; Jury Question.**—Under the evidence in this case it was a question for the jury whether the sale was made to defendant or to her tenant.

4. **Same; Evidence.**—Where the action was for a part of the fertilizer sold, and the defense was that they were sold to defendant's tenant and not to her, and the tenant and defendant differed in their evidence as to a loan of

[Wheat v. Union Springs Guano Co.]

mony to the tenant by defendant to make a crop, and the tenant undertaking to pay for the fertilizer, all the contracts and writings between them relating to such advances, were admissible.

5. **Evidence; Writings; Admissibility in Part.**—Where a defendant had introduced a part of certain writings, all of the writings relating to the transaction became admissible as tending to contradict or corroborate the evidence of defendant and her tenant.

6. **Sales; Instruction.**—In an action for the price of fertilizer sold, a charge asserting that there was no evidence that defendant ever agreed to pay for the fertilizer furnished the tenant, was properly refused.

7. **Charge of Court; Directing Verdict.**—Where the evidence was in dispute as to material issues, it was proper to refuse charges which were tantamount to the general affirmative charge.

8. **Sales; Purchase Price; Misleading Instructions.**—Charges asserting that if the fertilizer described in the written contract of sale between the plaintiff and the tenant of defendant belonged to plaintiff, and that the form of sale of another company was used, because plaintiff did not have a form of contract of sale, and that the name of the other company was left in by mistake, then the contract containing the name of plaintiff was a contract with plaintiff acting in the name of the other company, and that if the original contract showed a sale to the tenant, and this defendant had agreed to advance the tenant money to pay therefor, and agreed to pay the amount to plaintiff instead of to the tenant, plaintiff could not recover on such promise, unless plaintiff charged defendant with the amount and released the tenant, was misleading and properly refused.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by the Union Springs Guano Company against Jesse L. Wheat. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear from the opinion. The following are the charges referred to in the opinion as refused to the defendant: (3) The jury is charged that there is no evidence in this case that the defendant ever agreed with plaintiff company, or any representative of plaintiff company, to become a joint purchaser with Colvard of the fertilizer described in the written contract of sale in evidence.

(2) If the jury believe from the evidence that the fertilizer described in the written contract between the plaintiff and Colvard belonged to the Union Springs Guano Company, and that that form was used by the Union Springs Guano Company merely because Mr. Granberry did not have a form of contract of sale by the Union Springs Guano Company, and that the name of the Union Springs Fertilizer Company was left in the contract by mistake because Mr. Granberry had no form of a sale

contract of plaintiff with him, then said contract is to be deemed and taken to be a contract with plaintiff acting in the name of the Union Springs Fertilizer Company.

(4) The jury is charged that the original contract for the sale of fertilizer shows a sale to Colvard alone, and that the fact, if it be a fact, that defendant had agreed to advance Colvard money with which to pay for such fertilizer, and agreed to pay the amount thereof to plaintiff instead of to Colvard, yet plaintiff cannot, if the jury believe the evidence, recover on said promise unless the plaintiff on such promise being made charged the defendant with the amount and released Colvard. The jury is further charged that the burden is upon defendant to prove such release, and that, if it has not been shown, the plaintiff cannot recover.

(5) The jury is charged that the fertilizer, the price of which was involved in this case, was sold by plaintiff to W. J. Colvard alone, and that any promise on the part of defendant to pay the price agreed upon with Colvard was a promise to pay the debt of Colvard, and cannot be recovered in the form of action adopted by plaintiff in this case. The jury is therefore charged that, if they believe the evidence, they must find a verdict for defendant.

(6) The jury is charged that the paper which was executed between Colvard on the one part, and the Union Springs Fertilizer Company on the other, is not a mere memorandum, but was a contract of sale, of fertilizer described in it to Colvard individually, and not as the agent of any one, and to him alone.

(7) There is no evidence in this case that the mortgage for $1,700 represents an advance over the $6,000 agreed to be advanced by the contract between Miss Wheat and Colvard. The evidence shows without conflict that such $1,700 was a part of said $6,000 originally agreed to be advanced.

(12) The jury is charged that the question whom credit was given at the time the contract between plaintiff and Colvard is conclusively shown by said contract; said contract shows that credit is given by the terms of said contract to Colvard, and to him alone.

J. M. CHILTON, for appellant. R. H. POWELL, and O. S. LEWIS, for appellee.

[Wheat v. Union Springs Guano Co.]

MAYFIELD, J.—This was an action by appellee against appellant, on the common counts. The only basis for the cause of action was fertilizers claimed by appellee to have been sold by it to appellant and delivered to one Colvard, tenant of appellant.

Appellant's contention was and is that the fertilizer was sold to her tenant, and not to herself, and that if she ever promised to pay for the same it was after the sale was completed to Colvard, under a written contract, to that end executed, and that her promise, if made, was a mere gratuity and without consideration.

There is also some insistence that the contract sued on is violative of the statute of frauds, in that it was a promise by the appellant to answer for the debt, default, or miscarriage of another, and was not in writing, and of it there was no note or memorandum in writing, as required by the statutes.

(1, 2) The defendant filed four special pleas, each attempting in part to set up the defenses suggested, but a demurrer was sustained as to each of said pleas. Errors are assigned as to such ruling, but no insistence thereon is made in argument; in fact, it is admitted by appellant that, if error, it was without possible injury. Whatever may be the rule, generally, touching the necessity of special pleas as to the defenses here attempted to be set up, we agree with counsel for appellant in the contention, assented to by appellee, that no injury was done by sustaining the demurrers to the special pleas in this case. All the evidence was offered and received, which could have been offered and received with the special pleas in; and the court charged the jury, in effect if not in words, that plaintiff could not recover if they found to exist any of the facts which were set up in any of the pleas as to which evidence was offered by defendant and received by the court. In fact, the effect of the instruction by the court to the jury was that the plaintiff could not recover in this action unless the original sale was made to the defendant, or, at least, unless the debt was originally and primarily that of the defendant, and was not a promise, on her part, made subsequent to the creation of the debt, or collateral to the main prosecution. The court charged the jury, in part, as follows: "Now, it is incumbent, as I have stated to you, in this case, as in every other civil case, for the plaintiff to reasonably

satisfy you of the correctness of the statements made in the complaint upon which they base a recovery here. Now, was this fertilizer sold? There is no controversy about that. There was 50 tons of fertilizer sold in the year 1913, by the plaintiff. Now the question in this case is, to whom was it sold? If it was sold to W. J. Colvard, and they looked to him for payment, why then the plaintiff cannot recover. If you are reasonably satisfied in this case, considering all the testimony, that the fertilizer was sold, and that the plaintiff, by his agent, went to the place of the defendant and talked to Mr. Colvard, and entered into a writing with him concerning this 50 tons of fertilizer, and before the fertilizer was shipped, if you are reasonably satisfied that this defendant agreed to pay the plaintiff for the 50 tons of fertilizer, and that they were shipped after that agreement, the plaintiff would be entitled to recover. If you are not reasonably satisfied of that, the plaintiff would not be entitled to recover."

The defendant excepted to that part of said charge beginning with the words, "If it was sold to W. J. Colvard and they looked to him for payment," down to and including the words, "and that they were shipped after that agreement, the plaintiff would be entitled to recover." Thereupon the court stated that he would add to that part of his charge the following that, "If the defendant agreed to pay for them, and the plaintiff, acting upon that agreement, shipped the fertilizers, then the plaintiff would be entitled to recover."

(3) There was obviously, as to this part of the court's oral charge, no error of which appellant can complain. It evidently limited the plaintiff's right to recovery, as to the original sale, and required that the jury find that the sale was to the defend-ant, and not to her tenant. Whether the sale was made to the defendant, or to her tenant, Colvard, was a question for the jury and not for the court; and hence the charges, in effect the general affirmative charge for the defendant on this issue, re-quested and refused, were properly refused. It is true, as con-tended by appellant, that the writing, contract, or note put in evidence by the defendant did tend to show a sale by the plain-tiff to Colvard, and not to the defendant; but it was not conclu-sive on this issue. There was evidence undisputed which tended to show that the sale was not to Colvard, and that the writing was not evidence of such sale and was not so intended by either

party to the contract. The defendant was not a party to this writing, and she claims she was not bound by it. There was evidence that the writing was not intended as a sale, but only as a memorandum of the quantity and kind desired and of the price agreed upon, to be submitted to the defendant to see if she would purchase same at that price, or if she would pay for it in the event it was delivered to Colvard. The most that can be said of the writing is that it was a contract to sell to Colvard. It does not on its face conclusively show a sale completely executed. There was certainly evidence tending to show that the sale was to the defendant, and that she, and not Colvard, was to pay the plaintiff for it, although the writing was between plaintiff and Colvard, and the fertilizer was delivered to Colvard. Colvard testifies that defendant was to pay for the fertilizer, both by her agreement with him as to supplies, and by her agreement with plaintiff as to the particular sale. He says defendant told him that plaintiff's agent phoned her to know if she would pay for it before they would ship it, and that she said she would (and she afterwards did) hold back the price out of the money she had agreed to advance to him. Defendant's own letters and admissions tended to corroborate the testimony of plaintiff's agent and of Colvard who, at the time, was acting as the agent and tenant of defendant.

(4, 5) The defendant contended that she advanced to Colvard over $6,000, for the purpose of enabling him to make a crop on her lands on which the fertilizer was to be used, and that he was to pay for the fertilizer out of this amount so advanced, except as to two tons which she admits was sold to her and on her account, which she had paid for before suit brought. She and Colvard differ in their evidence as to these two facts; hence all of the contracts, mortgages, and writings between them, relating to the advances paid to him and receipted for by him, were admissible. Defendant having introduced a part of such writings, all relating to the same transactions were admissible as tending to corroborate or contradict the evidence of these two witnesses, one for the plaintiff and the other for the defendant, as relating to these transactions.

We find no reversible error in any of the rulings as to the admission or the rejection of evidence.

It would serve no good purpose to treat each of the exceptions as to evidence severally; suffice it to say that each has been carefully examined, and we find no reversible error therein.

As to the refusal of the charges requested by the defendant, we likewise find no reversible error.

(6) Charge 3 was bad, in that it requested the court to charge the jury that there was no evidence of a given fact. Such charges have been frequently condemned.

(7) Charges 5 and 6 were in effect the general affirmative charge as to one or more of the material issues touching which the evidence was in dispute, as we have shown, and hence were properly refused.

(8) Charges 2 and 4 were misleading, if not otherwise faulty, and were properly refused.

Charge 7 required the court to affirmatively instruct that there was no evidence of a given fact, and for this reason it was properly refused.

Charge 12 was in effect the affirmative charge for defendant and, as we have shown, was properly refused.

Finding no error, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.